IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JESSICA ADEYEMI                                  :
                                                 :
        v.                                       :
                                                 :   CIVIL NO. CCB-05-1012
CHIMES DISTRICT OF COLUMBIA, INC.                :
ET AL.                                           :

...o0o...

**<u>MEMORANDUM</u>**

Jessica Adeyemi, a deaf employee of the defendant Chimes District of Columbia, Inc. ("Chimes"), filed a charge with the EEOC and then, after a finding of no probable cause, filed suit in this court alleging discrimination based on her disability. Despite the lengthy efforts of defense counsel and the court to facilitate, within reason, her right to discovery,[1] Ms. Adeyemi has produced no evidence of such discrimination. Accordingly, the defendant's pending motion for summary judgment will be granted.

What follows is a brief factual statement of the dispute. Chimes is a private agency which, among other activities, provides employment for individuals with disabilities. It has a contract to provide cleaning services at BWI-Marshall Airport. Ms. Adeyemi was hired by Chimes in February 2002 to work at BWI, and remains so employed. Chimes provided an American Sign Language ("ASL") interpreter for Ms. Adeyemi's training, but daily communication on the job has been accomplished by writing and hand gestures.

On July 20, 2004, supervisor Darlene Kemp directed Ms. Adeyemi to clean an area called the Chesapeake Club. Ms. Adeyemi refused, explaining she did not wish to work with a fellow employee she apparently believed had removed items from her cleaning cart. Ms. Kemp offered

---

[1] These efforts frequently were obstructed by James Adeyemi, the plaintiff's husband, who has filed a separate suit against Chimes (CCB-05-2360).

to stay with her at the Club, and warned Ms. Adeyemi, in writing, that she would be suspended if she refused an assignment. Another supervisor, Eric Brown, then gave Ms. Adeyemi the same written warning. When she again refused, Mr. Brown wrote SUSPENDED THREE DAYS.[2] Only toward the end of this process did Ms. Adeyemi ask for an ASL interpreter; none was provided at that time.

Ms. Adeyemi filed a charge with the EEOC on July 22, 2004 claiming that because her request for an interpreter was denied, she was unable to defend herself against the discipline. After investigation, and noting that Chimes had accommodated Ms. Adeyemi since she was hired, the EEOC found no probable cause. Mr. Adeyemi's husband then filed this suit for her.

Ms. Adeyemi's opposition to the defendant's motion now apparently claims that, without an interpreter, she was denied her right to file a complaint against a co-worker and was suspended for that. (Pls. Opp. at 15). In the course of her lawsuit she also added claims that other deaf employees had been suspended without an interpreter. Her additional claims are outside the scope of the administrative charge filed with the EEOC, and therefore barred, *see Chacko v. Patuxent Inst.*, 429 F.3d 505, 508-10 (4th Cir. 2005), but in any event are supported only by her statement and not by any proffered admissible evidence.

Where the employer advances a legitimate nondiscriminatory reason for a disciplinary action, as Chimes has done here, the burden is on the plaintiff to offer evidence showing that this reason is a pretext from which discrimination based on disability may be inferred. *See Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 143-44 (2000); *Rowe v. Marley Co.*, 233 F.3d 825, 829-30 (4th Cir. 2000). Ms. Adeyemi has offered nothing to even suggest that the three-day

---

[2] Ms. Adeyemi was suspended from July 21-23, 2004.

suspension was imposed because of her disability rather than her refusal to obey a direct order of her supervisor; nor has she offered anything to suggest that she did not understand the disciplinary process or had any defense she could have presented through an interpreter.  In short, this complaint is entirely without merit.[3]  Accordingly, the defendant's motion for summary judgment will be granted by separate order.

  October 12, 2006  
        Date

/s/  
Catherine C. Blake  
United States District Judge

---

[3] Also entirely without merit are the accusations of misconduct made against defense counsel in Ms. Adeyemi's opposition, undoubtedly drafted by James Adeyemi.  To the contrary, Chimes and its counsel have been very reasonable throughout a lengthy and unfounded piece of litigation.